UNITED STATES, to Use of WATSON–FLAGG ENGINEERING CO.,
v. WINKLER.

(Circuit Court, S. D. New York. June 8, 1908.)

UNITED STATES—BOND OF CONTRACTOR FOR PUBLIC WORK—RIGHT OF ACTION OF CREDITORS FOR LABOR OR MATERIALS—"COMPLETE PERFORMANCE OF SAID CONTRACT."

Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1907, p. 709), amendatory of Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), provides that a contractor with the United States for any public work shall give a bond in usual form with the additional obligation that the contractor shall pay all persons supplying labor or material for the work; that, in case of suit thereon by the United States, any creditor having a claim for labor or materials may intervene therein and have his claim adjudicated and paid, "subject, however, to the priority of the claim and judgment of the United States"; that, in case no suit is brought by the United States within six months from the completion and final settlement of the contract, any such creditor may bring suit on the bond in the name of the United States for the benefit of himself and all other similar creditors, provided that such suit "shall not be commenced until after the complete performance of said contract and final settlement thereof and shall be commenced within one year after the performance and final settlement of said contract and not later." A contractor who had given such bond, and whose contract contained the usual provision giving the United States in case of his default the right to have the contract completed at his cost, became insolvent and abandoned the work. *Held*, that such abandonment was not a "complete

performance of said contract" which gave a right of action to creditors for labor and materials on the bond under the statute, which contemplates a completion of the work, whether by the contractor or the United States, and a final settlement to determine the prior rights and claim of the United States under the contract and the lapse of six months thereafter for the bringing of suit to enforce such rights against the bondsmen before an action can be maintained by such creditors.

At Law. Demurrer to the complaint by Metropolitan Surety Company on the ground that the same does not state facts sufficient to constitute a cause of action against the defendant.

Wetherhorn & Link, for plaintiff.

David McClure, for defendant Metropolitan Surety Company.

RAY, District Judge. This action is brought in the name of the United States for the use and benefit of the Watson–Flagg Engineering Company under Act Congress Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1907, p. 709).

The act, as amended, reads as follows:

"Chap. 778. An act to amend an act approved August thirteenth, eighteen hundred and ninety-four, entitled 'An act for the protection of persons furnishing materials and labor for the construction of public works.'

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the act entitled 'An act for the protection of persons furnishing materials and labor for the construction of public works,' approved August thirteenth, eighteen hundred and ninety-four, is hereby amended so as to read as follows:

"'That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligation that such contractor or contractors shall promptly make payments to all persons supplying him or them with labor and materials in the prosecution of the work provided for in such contract; and any person, company, or corporation who has furnished labor or materials used in the construction or repair of any public building or public work, and payment for which has not been made, shall have the right to intervene and be made a party to any action instituted by the United States on the bond of the contractor, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States. If the full amount of the liability of the surety on said bond, is insufficient to pay the full amount of said claims and demands, then, after paying the full amount due the United States, the remainder shall be distributed pro rata among said interveners. If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed and executed, irrespective of the amount in controversy in such suit, and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Pro-

vided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract, and not later: And provided further, that where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery. The surety on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit, the penalty named in the bond, less any amount which said surety may have had to pay to the United States by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability: Provided further, that in all suits instituted under the provisions of this act such personal notice of the pendency of such suits, informing them of their right to intervene as the court may order, shall be given to all known creditors, and in addition thereto notice of publication in some newspaper of general circulation, published in the state or town where the contract is being performed, for at least three successive weeks, the last publication to be at least three months before the time limited therefor.'

"Approved February 24, 1905."

The Watson-Flagg Engineering Company is a foreign corporation. The Church Construction Company was and is a domestic corporation organized under the laws of the state of New York, and Cornelius L. Winkler is the receiver of said corporation duly appointed by the Supreme Court of the state of New York. The Metropolitan Surety Company is a corporation of the state of New York. August 26, 1905, the United States by its representative entered into a contract with the Church Construction Company by which said company was to furnish labor and materials for the construction of certain barracks at West Point, N. Y. The contract is annexed to the complaint. August 26, 1905, the Church Construction Company as principal and the Metropolitan Surety Company as a surety filed their bond in due form and pursuant to the statute quoted conditioned as follows:

"Now, therefore, if the above-bounden Church Construction Company, shall and will, in all respects, duly and fully observe and perform all and singular the covenants, conditions and agreements in and by the said contract agreed and covenanted by said Church Construction Company to be observed and performed according to the true intent and meaning of the said contract, and as well during any period of extension of said contract that may be granted on the part of the United States as during the original term of the same, and shall promptly make full payments to all persons supplying it labor or materials in the prosecution of the work provided for in said contract, then the above obligation shall be void and of no effect; otherwise, to remain in full force and virtue."

The bond recited the contract generally and runs to the United States of America. It is unnecessary to recite it more fully in discussing this case. Between April 16, 1906, and March 29, 1907, the Watson-Flagg Engineering Company, at the request of the Church Construction Company, supplied it with labor and materials in the prosecution of the work under said contract worth and of the value of $3,740.98, of which $1,715 was paid leaving now due and unpaid $2,025.98. The defendants on demand have neglected and refused to pay said amount,

and the complaint charges that by reason of their refusal to pay said amount or certain installments thereof as they become due they breached said contract upon their part "and prevented complete performance thereof on the part of said Watson-Flagg Engineering Company." The complaint also alleges that the Church Construction Company became insolvent and unable to pay its debts March 29, 1907, and has ever since remained so, and that, by reason of said insolvency, it failed and neglected to pay the installments which were due and payable and breached its contract with the Watson-Flagg Engineering Company and prevented complete performance thereof by said company. The complaint also alleges that the Watson-Flagg Engineering Company fully performed on its part and became entitled to payment. The bill of complaint then alleges that March 29, 1907, the Church Construction Company abandoned the work and the contract between it and the United States, and thus rendered complete and final performance impossible, and "that no suit has ever been brought by the United States upon the said bond and obligation, though more than six months have elapsed since the abandonment of said contract as aforesaid; that the Watson-Flagg Engineering Company has duly made application to the proper department of the United States for a certified copy of the contract and bond aforesaid, copies of which are annexed as exhibits to this complaint and made a part hereof, and has duly received the same pursuant to said application before the commencement of this action; that the foregoing allegations in this paragraph contained are made in pursuance of the statutes of the United States in such cases made and provided, particularly Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1907, p. 709)." The statute provides: (1) That a person entering into a contract with the United States for the prosecution and completion of any public work shall execute the bond specified. Such is this case. Also (2) that when the United States brings suit any person, corporation, or individual who has furnished labor or materials used in the construction of any such public work, payment for which has not been made, shall (a) have the right to intervene and be made a party to any action instituted by the United States on such bond, and to have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however to the priority of the claim and judgment of the United States. The United States has not brought any action on the bond of the contractor, and hence there is no intervention or right in plaintiff under this clause of the statute. If, when the United States brings action and others intervene, the full amount of the liability of the surety on the bond is insufficient to pay the full amount of such claims and demands, including that of the United States, then, after paying the full amount due the United States, the remainder of the recovery is to be distributed pro rata among the interveners. This statute then provides:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall, upon application therefor, and furnishing affidavit to the department under the direction of which said work has been prosecuted that labor or materials for the

prosecution of such work has been supplied by him or them, and payment for which has not been made, be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby authorized to bring suit in the name of the United States in the Circuit Court of the United States in the district in which said contract was to be performed or executed * * * for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, that where suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced until after the complete performance of said contract and final settlement thereof, and shall be commenced within one year after the performance and final settlement of said contract and not later," etc.

It is clear that certain events must happen, certain things be done, before a right of action arises on such bond against the surety in favor of a person supplying labor and materials to the contractor in case the United States does not bring suit. What are they? First. The United States has six months from and after "the completion and final settlement of said contract" in which to bring suit on such bond. If the six months elapse after such "completion and final settlement of said contract," and the United States has not sued thereon, then such person who has supplied material for which payment has not been made may sue in the form provided. The later proviso is also explicit that, "when suit is instituted by any of such creditors on the bond of the contractor, it shall not be commenced until after the complete performance of said contract and final settlement thereof." In short, the statute is explicit that, before any such creditor can bring suit on the bond, there must be (1) "a complete performance of said contract"; and (2) "final settlement thereof." It will be noted that the statute does not say "complete performance of said contract by the contractor." If the statute read in that way, such creditors furnishing material to the contractor would be without remedy on the bond, unless the statute is permissive merely and not restrictive of his right to sue thereon, in all cases where the contractor shall or shall have failed to fully complete the contract. Turning to the contract itself, we find this article contained therein.

"Art. 5. That in case of failure of the said party of the second part to comply with the stipulations of this contract according to the true intent and meaning thereof, then the party of the first part shall have the power to execute the contract in open market, charging to the party of the second part any excess in cost over and above the price stipulated herein."

The statute quoted seems to contemplate that in all cases the United States having entered on the work and made a contract for its execution will see that the work is completed; that, when the United States is compelled to complete the work by reason of the failure of the contractor for any reason so to do, this is "the complete performance of said contract." It also seems to contemplate that, when the work is completed by the United States, the cost of doing the work will be ascertained, the amount paid the contractor ascertained, etc., and the amount of damages sustained by the United States ascertained, whereupon the United States may or may not sue the surety on the bond. The statute contemplates that this will be done in every case. This is what is meant by the words "complete performance of the contract"

and by the words "final settlement thereof." The statute seems to contemplate that all officers and heads of departments of the United States will do their duty and close up contracts and enforce the liability of any party indebted to it. When a bid for public work is made to be done under the Secretary of War, a written guaranty is given that the bidder will make a contract and give a bond. If the bidder fails to comply then the mode of ascertaining the damage is specified by statute. See Act March 3, 1883, 22 Stat. 487 (U. S. Comp. St. 1901, p. 2497). Again, by Act April 10, 1878, c 58, 20 Stat. 36, the Secretary of War is authorized to prescribe rules and regulations to be observed in the preparation, etc., for contracts under the War Department. These have been made and the contract in question here follows them. I assume that Congress in enacting the law of February 24, 1905, quoted, had reference thereto. In any event, the bond in question is given by the contractor to the United States, and not to materialmen, and is enforceable by the United States only, except in the cases specified by Congress. The bond and statute are to be read together. While the bond is intended for the benefit of both the United States and persons furnishing material, etc., the remedy of the latter is in the cases and in the way prescribed. The courts cannot change the statute or add to the liability of the surety. The surety contracted with reference to the statute and cannot be sued on its bond by a person who furnished material to the contractor, except in the cases and on the conditions and on the happening of the events named.

The plaintiff here has not alleged that the contract has been completely performed by anyone, or that it has been adjusted or settled, or that the claim of the United States against the contractor or surety has been ascertained or determined, or that the United States has failed to proceed to secure a full completion of the contract, a completion of the work, or a settlement or ascertainment of the liability of the surety to the United States. For anything that appears, the United States is now engaged in securing a complete performance of the contract and a final settlement thereof. I am clearly of the opinion that a failure by the contractor to complete its contract, its insolvency, whatever the cause, its abandonment of the contract, give no right of action to the Watson-Flagg Engineering Company, or right to institute or prosecute this action in the name of the United States. The United States did not institute this action. I have no doubt that Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1907, p. 709), repeals the act of August 13, 1894. The act of August 13, 1894, says the act of 1905 "is hereby amended so as to read as follows." The latter act takes the place of the former act in its entirety and covers the whole subject. The plaintiff contends that the words "after the complete performance of said contract and final settlement thereof," or "completion and final settlement," are to be construed as if the statute read:

"After the complete performance of said contract and final settlement thereof, or after six months from the time the contract between the contractor and the government was ended, abandoned or ceased to exist."

I cannot so read the statute. But, should we construe the words to mean ended or ceased to exist, this contract is not ended nor has it ceased to exist. It is a valid existing contract. The contractor failed to perform, became insolvent, and was unable to perform and so abandoned it. "Completion and final settlement," and "complete performance and final settlement," are quite different from abandonment by the contractor.

I do not see any basis for the contention that the United States has waived its right to bring an action at the proper time. There in no such allegation. But, suppose it has, that mere fact gives no right of action to the Watson-Flagg Engineering Company against the surety company. There is no allegation that the United States has failed in any duty, or that it is not proceeding with diligence to secure a full performance of the contract by some one so as to fix the measure of the surety company's liability on the bond. I think that the amendatory act was passed for the purpose of preventing premature actions by materialmen; for the purpose of preventing actions by them until the United States has had full opportunity to secure the construction of the work and ascertain the cost of doing it according to the contract.

It follows that the demurrer must be sustained, with costs, but the plaintiff may serve an amended complaint on payment of such costs and within 30 days.