UNITED STATES ex rel. PROCTOR MFG. CO. v. STANNARD et al.

(District Court, N. D. New York. August 8, 1913.)

1. UNITED STATES (§ 67*)—PUBLIC WORKS—CONTRACTOR'S BOND—ACTION—COMPLAINT.

The complaint of a subcontractor in an action on the bond of a contractor with the United States for construction of public works *held* to allege and show complete performance of the contract and final settlement

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

thereof, that no action on the bond had been brought by the United States, and that plaintiff's action was brought more than six months and less than one year after such performance and settlement, entitling plaintiff, under Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), to bring the action.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. COURTS (§ 275*)—DISTRICT IN WHICH SUIT IS BROUGHT—COMPLAINT.

The legal capacity of plaintiff to sue is shown by the complaint, alleging that plaintiff is a corporation organized under and pursuant to the laws of the state, and having its principal office and place of business in a certain county, which county is within the district of the federal court in which the action is brought.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 275.*]

3. EVIDENCE (§ 25*)—JUDICIAL NOTICE—LOCATION OF COUNTIES.

A federal court will take judicial notice that certain counties are within the district of such court in which the action is brought.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 31–33; Dec. Dig. § 25.*]

4. ACTION (§ 22*)—LEGAL OR EQUITABLE—PROCESS.

The action which Act Aug. 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), as amended by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), authorizes a subcontractor to bring against a contractor with the United States for construction of public works, and the sureties on his bond, is, as regards the kind of process required, an action at law, and not a suit in equity; it being on contract obligations and to recover money, and the fact that all other subcontractors may come in and prove their claims, and share pro rata in the recovery, not affecting the question.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–139, 143, 145; Dec. Dig. § 22.*]

At Law. Action by the United States of America, on relation of the Proctor Manufacturing Company, against Ambrose B. Stannard and others, in which the American Hardware Corporation intervened. On demurrers to complaint in suit at law, commenced by the issuing and service of a summons and publication of notice required, under the provisions of the act of Congress approved August 13, 1894, entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," and the act amendatory thereof, approved February 24, 1905, and on motion to dismiss. Demurrers overruled. Motion denied.

D. B. Lucey, of Ogdensburg, N. Y., for plaintiff.
H. J. Cookinham, of Utica, N. Y., for defendant Illinois Surety Co.
Martin & Jones, of Utica, N. Y., for intervener.

RAY, District Judge. This action was brought by the Proctor Manufacturing Company, in the name of the United States, against Ambrose B. Stannard, contractor with the United States for the construction of a public building (post office building) at Malone, Franklin Co., N. Y., in the Northern district of New York, under the provisions of the act approved August 13, 1894 (28 Stat. 278, c. 280), en-

titled "An act for the protection of persons furnishing materials and labor for the construction of public works," and the act amendatory thereof approved February 24, 1905 (33 Stat. 811, c. 778).

Ambrose B. Stannard is in bankruptcy, and his trustee, Henry A. Wise, has been brought in as a party defendant. The American Hardware Corporation has duly intervened, setting up and alleging its claim. The Illinois Surety Company, surety on the bond of said Stannard, the contractor, demurs to the complaint of the plaintiff on the grounds (1) that the complaint does not state facts sufficient to constitute a cause of action; and (2) that said Proctor Manufacturing Company does not show its capacity to sue. Said Illinois Surety Company demurs to the complaint of the intervener, American Hardware Corporation, on the ground (1) that Henry A. Wise, such trustee, is not a party; (2) that said Hardware Corporation does not show its capacity to sue or to be made a party to this action; and (3) that its statement of claim is not sufficient to show a cause of action against the Illinois Surety Company, or to entitle the American Hardware Corporation to share in the benefits of the bond or undertaking set forth in the said statement of claim of said Hardware Corporation. The said Illinois Surety Company also moves to dismiss, on the ground that both the complaint and the intervening complaint show a suit in equity, while this action was brought as an action at law by the service of a summons under the attestation of the Chief Justice of the United States and the seal of the court, signed by the clerk of this court, and also by the plaintiff's attorney, as required in bringing actions at law, and not by the service of a subpœna, as required in equity actions.

[1] The specific objection to the sufficiency of the complaint pointed out on the argument of these demurrers was that the complaint does not specifically allege that the contract had been completely performed and that there had been a final settlement thereof, giving the date, and thereby show that the action was commenced within one year thereafter. The act of February 24, 1905, provides amongst other things:

"If no suit should be brought by the United States within six months from the completion and final settlement of said contract, then the person or persons supplying the contractor with labor and materials shall upon application therefor * * * be furnished with a certified copy of said contract and bond, upon which he or they shall have a right of action, and shall be, and are hereby, authorized to bring suit in the name of the United States in the Circuit Court of the United States, in the district in which said contract was to be performed and executed, * * * and not elsewhere, for his or their use and benefit, against said contractor and his sureties, and to prosecute the same to final judgment and execution: Provided, That when such suit is instituted by any of such creditors on the bond of the contractor it shall not be commenced *until after the complete performance of said contract and final settlement thereof,* and shall be commenced *within one year after the performance and final settlement of said contract,* and not later."

If the contractor does not fully perform the contract, the government may do so, and settle and adjust the rights of the parties, and it is only after full performance and settlement of the rights of the parties to the contract, and after the expiration of six months from

that event during which the United States may sue, and within the ensuing six months, that a subcontractor may bring suit on the bond. It is essential that the complaint allege, not only full performance of the contract, but final settlement thereof, and the date of such final settlement. Has the plaintiff done this? The complaint contains the following allegations:

"And your orator further alleges, upon information and belief, that the said Ambrose B. Stannard, after the execution and delivery of the said contract and the said undertaking, duly entered upon the performance of his said contract for the construction of the said post office building and equipment at Malone, and did through himself and his subcontractors furnish the labor and material necessary for the construction of the said post office building, and did erect and construct the said post office building, and did complete the same.

"And upon information and belief that the work and material so performed and furnished by the said Ambrose B. Stannard was duly accepted by the said United States of America, through its duly constituted officers, and final settlement under said contract and final payment of the contract price by the said United States of America to the said Ambrose B. Stannard was duly authorized on or about the 10th day of October, 1912, and full and final payment of the said contract price was thereupon made to the said Ambrose B. Stannard. * * *

"And your orator further shows and alleges, upon information and belief, that on or about the 10th day of October, 1912, a full and final settlement and payment of the amount due the said Ambrose B. Stannard under his said contract with the said United States of America was duly authorized by the proper officers and authorities of the said United States of America, and that he did forthwith receive his final payment in full settlement under said contract with the said United States of America, and more than 60 days have elapsed since the final settlement and payment to the said Ambrose B. Stannard, at which time final payment under his contract with the said Proctor Manufacturing Company became due and payable. * * *

"And your orator further shows and alleges that more than six months' time has elapsed since the final settlement and payment by the United States of America to the said Ambrose B. Stannard, and upon information and belief that the said United States of America has commenced no action against the said Ambrose B. Stannard on any matter growing out of his said contract, or upon the bond or undertaking furnished by him to the said United States of America for the faithful performance of his said contract, dated October 26, 1910, and upon information and belief that no other action has been commenced against the said Ambrose B. Stannard and the said Illinois Surety Company by any creditor upon the said undertaking hereinbefore mentioned, and that one year has not yet elapsed since the final settlement with the said Ambrose B. Stannard under his said contract with the United States of America."

It seems to me that here are clear allegations that on or before the 10th day of October, 1912, there had been a full and complete performance of the contract by Stannard, and that on that day there was a full and a final settlement thereof between Stannard and the United States, and a full and final payment to Stannard of the full amount due and to grow due, if any, thereunder, and that more than six months had expired after such performance and settlement, and that neither the United States nor any other person had commenced any action on such contract and bond, and that one year from the date of said complete performance and final settlement and payment had not expired.

In Stitzer v. United States, 182 Fed. 513, 518, 105 C. C. A. 51, 56, it is said:

"If we were to accept the government's statement that the work was completed March 25, 1909, as meeting the requirements of the statute, it would follow that the suit was timely instituted. But this cannot be done; the language of the act prohibits the commencement of a suit by a creditor, not only, as the plaintiff contends, until six months from the completion of the contract, but until six months 'from the completion and final settlement of the contract.' These terms are not equivalent. They do not mean the same thing. The latter may perhaps by inference be held to include the former, but the former cannot by any fair construction be made to include the latter. Each is an essential prerequisite to the institution of a creditor's suit. The contract might well be completed, and yet divers disputes and differences exist between the parties, which would require adjustment before final settlement could be made, as in the case at bar."

Here the complaint alleges that Stannard was to erect the post office building; that he did, and "did complete the same"; and that it was accepted and final settlement and payment under such contract made.

[2, 3] The making and execution and delivery of such contract and bond are duly alleged, as is the making and execution of the contract between Stannard and the Proctor Manufacturing Company to furnish labor and material in the construction and erection of such building, and the full performance of same by said Proctor Company, and the default of Stannard. It is not necessary to recite the allegations of the complaint of the intervener. It seems to me, and I hold, that the complaint is sufficient. It clearly shows the legal capacity of the plaintiff to sue, for it alleges: (1) That it is "a corporation organized under and pursuant to the laws of the state of New York, and having its principal office and place of business in the city of Ogdensburg, St. Lawrence county, N. Y." This court will take judicial notice of the fact that St. Lawrence county, N. Y., and Jefferson county, N. Y., where the contract was performed, are in the Northern district of New York, in which district the action was brought.

[4] Is the action authorized by these statutes one at law or one at equity? Clearly it is an action at law. It is an action on a contract and a bond, the contract made between Stannard and the United States, and the bond made between Stannard as principal and the Illinois Surety Company as his surety, as first parties, and the United States and all persons supplying Stannard with labor and materials in the prosecution of the work referred to in such contract and bond, as parties of the second part, or possibly we may better say between said principal and surety of the one part, and the United States of the second part, and for the benefit of all such persons furnishing labor and materials. It is also an action on a second contract, the one between Stannard and the plaintiff, Proctor Manufacturing Company, wherein and whereby Stannard was to pay said company for certain work and materials furnished and used in the construction of such building a specified price. The undertaking of the Illinois Surety Company is to pay such sum agreed to be paid in case Stannard does not. To save trouble, expense, and a multiplicity of actions, and insure justice to all concerned, Congress has provided that all persons supplying the contractor with labor and materials in the prosecution of the work, and not paid, may intervene in the action, and prove their

contract and claims and the default of the contractor, and have a money judgment and execution. The defendants are liable, if liable at all, to a money judgment. The action is to recover money, and not a suit for some equitable relief, as from fraud, or to compel the specific performance of some contract or act, or to enjoin the commission of some act. It is not a suit to marshal assets and distribute on equitable principles, or one for an accounting. It is not an action of discovery, or one resorted to because legal remedies are inadequate, but is expressly authorized by statute to enforce pure legal remedies. There is no trust or trust or equitable estate to administer. For the distinction between actions at law and suits in equity, see Fletcher's Equity Pleading & Practice, 1, 2, 3; 16 Cyc. 236. The action is against said contractor and his sureties on their contract obligations to pay money in a certain event, and the plaintiff is authorized "to prosecute the same to final judgment and execution."

The fact that all subcontractors having unpaid claims may come in and prove their contracts and claims, and establish the amount due them, and share pro rata in the judgment or recovery, does not make the case equitable in its nature, or deprive either party of his or its right to a trial by jury of all issuable facts. The apportionment of the recovery on the claims established by the verdict is a mere matter of computation, and not as intricate a matter as the apportionment of a recovery in case of death by wrongful act, when by statute in some of the states the jury is required to apportion the recovery in unequal amounts among those entitled thereto, as in the case of a widow and children, or children and grandchildren, etc. In United States v. McGee et al. (C. C.) 171 Fed. 209, 212, 213, the learned judge repeatedly refers to what the jury could do, etc., demonstrating his conception that these actions are at law and not in equity. In the numerous cases where this statute has been considered by the United States Supreme Court, the action is always referred to as an action, and never as a suit in equity. The process issued was the proper one, and the Surety Company will be protected against all other suits after judgment in this, into which all claimants must come under the notice authorized by the act.

The demurrers are overruled, and the defendant Illinois Surety Company may have 20 days in which to answer. The motion to dismiss is denied.