**UNITED STATES, for the Use and Benefit of JOHN A. DENIE'S SONS CO., v. BASS et al.**

No. 8196.

Circuit Court of Appeals, Sixth Circuit.

March 12, 1940.

McDonald, McDonald & Brown and John A. Osoinach, all of Memphis, Tenn., for appellant.

Burch, Minor & McKay, of Memphis, Tenn., for appellees.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

In a suit in the name of the United States for the use and benefit of a subcontractor against the principal contractor and his sureties upon a bond for public work under Sec. 270a et seq., 40 U.S.C.A., tried to the court without a jury,

It appearing that the court overruled a claim of the use plaintiff on the ground that not having any contractual relationship express or implied with the principal contractor, he had not given the statutory written notice by registered mail as provided by Section 270b (a), and

It appearing to the court that no challenge is made by the appellant to the finding of fact of the District Judge as unsupported by evidence, and it appearing to us that there was no error in the conclusions of law arrived below, since it is the view of this court that the statutory requirement of notice being unequivocal and without ambiguity is a jurisdictional prerequisite governed by United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 34 S.Ct. 550, 552, 58 L.Ed. 893, in that the present statute, as that there interpreted, likewise "creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right conferred, and compliance with them is made essential to the assertion and benefit of the liability itself", and the court being further of the view that the decision in United States for Use of A. Bryant Co. v. New York Steam Fitting Co., 235 U.S. 327, 35 S.Ct. 108, 59 L.Ed. 253, does not militate against this conclusion,

It is hereby ordered that the judgment below be and it is hereby affirmed.