## UNITED STATES for Use and Benefit of AMERICAN RADIATOR & STANDARD SANITARY CORPORATION v. NORTHWESTERN ENGINEERING CO. et al.

### No. 11941.

Circuit Court of Appeals, Eighth Circuit.

Sept. 9, 1941.

Gale B. Braithwaite, of Sioux Falls, S. D. (U. S. G. Cherry, of Sioux Falls, S. D., on the brief), for appellant.

H. F. Fellows and James W. Bellamy, both of Rapid City, S. D., for appellees.

Before GARDNER and JOHNSEN, Circuit Judges, and COLLET, District Judge.

JOHNSEN, Circuit Judge.

The question is whether the requirement in the Miller Act of August 24, 1935, 40 U.S.C.A. §§ 270a and 270b, for written notice to the general contractor on a public work or building, of any unpaid claim for materials or labor furnished to a subcontractor, as the foundation for a suit upon the contractor's bond, is a strict condition precedent to a right of action, or whether the giving of such a written notice can be held to be waived by a verbal denial of liability on the part of the general contractor to the materialman.

The trial court held that the giving of a written notice of claim was jurisdictional

under the statute, and that it was not waived by a verbal denial of liability on the part of the general contractor. Judgment was entered in favor of the contractor and its surety, and plaintiff has appealed.

Section 270b provides in part as follows: "Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelop addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."

We think the situation is controlled by the language of the Supreme Court in Fleisher Engineering & Construction Co. v. United States for Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 and that on the basis of the expression in that case the judgment of the trial court must be affirmed.

The Supreme Court had granted certiorari in that case because of an alleged conflict in the construction of the Miller Act, in United States for Use and Benefit of John A. Denie's Sons Co. v. Bass, 6 Cir., 111 F.2d 965, and in United States for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Co., 2 Cir., 107 F.2d 925. In the former case it had been held that "the statutory requirement of notice being unequivocal and without ambiguity is a jurisdictional prerequisite". In the latter case the court had held that the sending of notice by registered mail was not mandatory, but that notice by ordinary mail, actually received, was sufficient, since, under these circumstances, "the mode of transmission becomes unimportant and the provisions as to mode of delivery should be regarded as directory and not mandatory." [107 F.2d 928].

The Supreme Court, in affirming the latter case, found no conflict in the two decisions, and pointed out the difference in the legal effect of the separate provisions of the statute which they involved, in the following language (pages 18, 19 of 311 U.S., page 83 of 61 S.Ct., 85 L.Ed. 12): "In giving the statute a reasonable construction in order to effect its remedial purpose, we think that a distinction should be drawn between the provision explicitly stating the condition precedent to the right to sue and the provision as to the manner of serving notice. The structure of the statute indicates the distinction. The proviso, which defines the condition precedent to suit, states that the material-man or laborer 'shall have a right of action upon the said payment bond upon giving written notice to said contractor' within ninety days from the date of final performance. * * * Then the statute goes on to provide for the mode of service of the notice. 'Such notice shall be served by mailing the same by registered mail, postage prepaid,' or 'in any manner' in which the United States marshal 'is authorized by law to serve summons.' We think that the purpose of this provision as to manner of service was to assure receipt of the notice, not to make the described method mandatory so as to deny right of suit when the required written notice within the specified time had actually been given and received."

We are unable, from this language, to arrive at any other conclusion than that the giving of a written notice must be held to be mandatory, as a strict condition precedent to the existence of any right of action upon the payment bond. Since the right is purely a statutory grant, Congress necessarily could impose such creating conditions as it saw fit. While the statute uses the general term "notice", its other language clearly shows that it is intended to be, in legal effect, the presentation of a claim. That presentation is required to be made in written form, "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed".

Since the statute gives a material-man or laborer no cause or right of action upon the bond until such a written notice

has been furnished, it follows that the mere assertion of the contractor in this case that nothing was owing to the subcontractor, and that there was accordingly no liability to plaintiff, or any other declaration that might have been made, could not constitute an effectual waiver of the necessity for furnishing a written notice under the statute. Until the written notice was given, no liability could come into existence on the bond. "* * * the plaintiff had no cause of action, and there was consequently nothing upon which the defendants' waiver, if any, could act; the defendants could waive a right of their own, but could not, contrary to the express terms of the statute, by waiver confer a right of action on the plaintiff * * *." Stitzer v. United States to Use of Vaughan, 3 Cir., 182 F. 513, 517. "In short, a requirement which is clearly made a condition precedent to the right to sue must be given effect * * *." 311 U.S. at page 18, 61 S.Ct. at page 83, 85 L.Ed. 12.

Plaintiff argues that, if a written notice was necessary, the invoices which it issued to the subcontractor as the materials were being furnished, and which the subcontractor appears in turn to have given the general contractor for use in arriving at the estimated payments which the government was to make during the progress of the work, should be regarded as a sufficient compliance with the statute. But the invoices were not presented to the contractor as the basis for a claim on the bond. They were furnished by plaintiff to the subcontractor as an ordinary commercial incident. . When they were turned over by the latter to the general contractor, they were intended merely to indicate the material that had been furnished. They did not purport to show what payments had been made to plaintiff, or what amount was owing from the subcontractor within ninety days after the last of the material had been supplied. They clearly did not constitute a written notice on the part of plaintiff to the general contractor, intended as the assertion of a claim upon the payment bond, and "stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished". They could accordingly not be treated as a substitute for the written notice of claim which the statute imposed as a condition precedent to any right of action upon the bond.

Affirmed.