**UNITED STATES, for Use of BRUCE CO.,**
**Inc. v. FRASER CONST. CO., Inc., et al.**

Civ. No. 878.

United States District Court
W. D. Arkansas, Fort Smith Division.

Dec. 5, 1949.

Wilder, Bedwell & Morgan, Fort Smith, Ark., for plaintiff.

Hardin, Barton & Shaw, Fort Smith, Ark., for defendants.

JOHN E. MILLER, District Judge.

This cause of action is brought under the Miller Act, Title 40 U.S.C.A. § 270b, to recover from the defendant Construction Company and the defendant Bonding Company, on the payment bond given pursuant to the Act, the value of certain materials furnished to a sub-contractor of the Construction Company, which held a contract for the construction work on a government project at Shumaker, Arkansas.

Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted, which motion is now before the court, alleging that as a condition precedent to the creation of a right of action on said bond the statute (Miller Act) requires the giving to the defendant Construction Company of notice in writing within 90 days from the furnishing of the material stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished, and that the complaint fails to allege the

giving of said notice within the time prescribed.

■■ The Federal Rules of Civil Procedure, 28 U.S.C.A., contemplate a very liberal view of the complaint when it is challenged for insufficiency of statement. As stated by the Court of Appeals for this, the 8th, Circuit in Dennis et al. v. Village of Tonka Bay et al., 151 F.2d 411, 412; "Under the present practice in the District Courts of the United States, a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, admits the existence and validity of the claim as stated, but challenges the plaintiff's right to relief. Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 305. This Court has said that there is no justification for dismissing a complaint for insufficiency of statement unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim. (Citing cases.)"

Proceeding then to an examination of the allegations of the complaint the court finds, and accepts as true for purposes of this motion, the following facts.

On or about February 2, 1948, the defendant, Fraser Construction Company, entered into a building contract (No. Y-14378) with the United States Government to construct certain barracks and other buildings at the Naval Ammunition Depot at Shumaker, Arkansas. The defendant Construction Company, as well as the defendant Bonding Company, executed a bond dated March 16, 1948, to guarantee the payment to all persons supplying labor and materials in the prosecution of the work. In reliance upon this bond and the oral assurance of the defendant Construction Company that the plaintiff would get its money for materials, the latter furnished certain materials to W. B. Crosland, d/b/a Crosland Electric Company of Fort Smith, Arkansas, a sub-contractor doing the electrical work on said project. Materials were furnished between February 7, 1948, and October 2, 1948, of the total value of $14,852.58. Crosland, the sub-contractor, paid $6,759.79 on the total, leaving unpaid $8,092.79. Defendant Construction Company authorized and approved the furnishing of the materials, and was notified that Crosland was not paying for the same. After being so notified, defendant Construction Company requested plaintiff to continue furnishing materials and represented to plaintiff that they would be paid for, advising that the bond sued upon herein was executed for the protection of plaintiff. Crosland had approximately $4,000.00 worth of materials on hand on or about September 20, 1948, and on that date defendant Construction Company took over the electrical work and used said materials in finishing the work. Thereafter, defendant Construction Company received other materials from the plaintiff and used the same on the job. For the purpose of doing the work Crosland was the agent of the defendant Construction Company, and the defendant Construction Company received all materials by reason of delivery to Crosland or directly to the job. Demand has been made upon Crosland for the balance due, the accuracy of which is admitted by the latter, and demand has been made upon the defendant Construction Company, but both have refused payment.

As appears from the above, the complaint does not allege that written notice was given to the defendant Construction Company within 90 days from the date of the last furnishing of materials stating with substantial accuracy the amount claimed and to whom furnished.

The applicable provision of the Miller Act, Title 40 U.S.C.A. § 270b, grants a cause of action upon the payment bond required thereby to every person who has furnished material in the prosecution of work provided for in a contract such as the one here. This provision contemplates a contractual relationship express or implied with the contractor furnishing the payment bond, but in a proviso, a cause of action is granted on the payment bond to any person furnishing materials who has a direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing the bond, provided such person gives written notice to said contractor (who furnished the bond) within 90 days from the

last furnishing of materials stating with substantial accuracy the amount claimed and the person to whom furnished. It is further provided that the notice shall be served by registered mail or in any manner in which the United States Marshal of the district in which the improvement is situated is authorized by law to serve summons.

The plaintiff, in opposition to the motion to dismiss, contends as follows:

(1) The use plaintiff was not required to give the 90 day notice referred to in the statute for the reason that a contractual relationship, either express or implied, existed between the plaintiff and the defendant Fraser Construction Company, Inc.

(2) The defendants are precluded from setting up the lack of the 90 day notice because of waiver and estoppel.

(3) The defendant Fraser Construction Company, Inc., having had actual notice, the statutory notice was unnecessary.

The last two contentions of the plaintiff will be considered first and together.

■■■ Although the Miller Act is highly remedial in nature and is entitled to a liberal construction in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects, Fleisher Engineering and Construction Co. v. United States, 311 U.S. 15, 17, 61 S.Ct. 81, 85 L.Ed. 12; Clifford F. MacEvoy Co. et al. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163, the courts have not proceeded with such liberality as to extend the scope of the Act beyond the plain words of limitation contained therein. And, in the case of contractual relationship with a sub-contractor but none with the contractor giving the payment bond, the requirement of written notice is a condition precedent to the creation of a right of action on such a bond. Thus, in United States, for Use and Benefit of John A. Denie's Sons Co., v. Bass et al., 6 Cir., 111 F.2d 965, the court held that "the statutory requirement of notice being unequivocal and without ambiguity is a jurisdictional prerequisite". And, in Fleisher Engineering Co. v. United States,

supra, the Supreme Court apparently concurred in this view, but distinguished between the provision stating the condition precedent to the right to sue (the giving of written notice) and the provision as to the manner of serving notice. Under the liberal construction approach the Supreme Court concluded that since written notice was actually given, it was immaterial that it was not sent by registered mail. In United States, for Use and Benefit of American Radiator & Standard Sanitary Corp., v. Northwestern Engineering Co. et al., 8 Cir., 122 F.2d 600, the Court of Appeals for this Circuit, in holding that the giving of written notice was a condition precedent to the existence of a right of action, expressly rejected a contention of waiver. The court, in that case, stated, 122 F.2d at page 602: "We are unable, from this language, to arrive at any other conclusion than that the giving of a written notice must be held to be mandatory, as a strict condition precedent to the existence of any right of action upon the payment bond. Since the right is purely a statutory grant, Congress necessarily could impose such creating conditions as it saw fit. While the statute uses the general term 'notice', its other language clearly shows that it is intended to be, in legal effect, the presentation of a claim. That presentation is required to be made in written form, 'stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.'"

And, 122 F.2d, at page 603: "Until the written notice was given, no liability could come into existence on the bond. '* * * the plaintiff had no cause of action, and there was consequently nothing upon which the defendants' waiver, if any, could act; the defendants could waive a right of their own, but could not, contrary to the express terms of the statute, by waiver confer a right of action on the plaintiff * * *.' Stitzer v. United States to Use of Vaughan, 3 Cir., 182 F. 513, 517. 'In short, a requirement which is clearly made a condition precedent to the right to sue must be given

effect * * *.' 311 U.S. at page 18, 61 S.Ct. at page 83, 85 L.Ed. 12."

The liberality as to the manner of communicating the written notice is further demonstrated by the case of Coffee et al. v. United States, 5 Cir., 157 F.2d 968, 970, wherein the court held "that a writing containing the information which the statute requires, exhibited to the contractor by the claimant as a notice of his claim and which the contractor examines and discusses and might have taken if he desired, is a written notice sufficiently served."

■ It appears, therefore, that while the court should go as far as possible in granting relief to those furnishing materials to a government project, it can not go beyond the plain mandate of the statute. And, in those cases where it is required, the necessity of giving notice can not be waived by the defendant, for a cause of action under the statute does not come into being until such notice has been given. For like reasons, one who has failed to give the required notice can not urge estoppel on the part of the contractor, for regardless of acts or representations of the contractor, a cause of action under the Miller Act does not arise until the required notice has been given, and obviously a contractor could not be estopped to assert a defense because no defense is necessary until a valid cause of action has arisen. Also, in the opinion of the court, it makes no difference that the contractor may have actual knowledge, even if obtained from the claimant, if the notice required by the statute was not given.

■ The requirements of the statute were inserted so that a contractor might, after withholding payments to a sub-contractor for 90 days, pay the latter with immunity from undisclosed claims of materialmen. Notice, as stated by the Court of Appeals for the 8th Circuit in the Northwestern Engineering case, supra, was intended to be the presentation of a claim. Thus, as appears from the statute, it was believed that written notice stating with substantial accuracy the amount and to whom furnished would best effectuate this intention.

■ Therefore, unless the plaintiff has sufficiently alleged that there existed a contractual relationship express or implied between it and the defendant Construction Company, the allegations of the complaint, regardless of how liberally viewed, do not state a claim upon which relief can be granted. The plaintiff does not allege that written notice according to the provisions of the statute was given, or that any notice was given which substantially complied with the requirements of the statute. No matter how liberal a construction is placed upon the required "written notice" the notice given must in substantial effect amount to the presentation of a claim, and the form and manner of presentation must be such as to so advise the contractor furnishing the bond. And, it is noted that those decisions wherein liberality was exercised as to the communication of the notice, were based upon a substantial compliance with the provisions of the statute and not upon waiver or estoppel.

■ Passing to a consideration of the plaintiff's first contention, that a contractual relationship, either express or implied, existed between the plaintiff and the defendant Construction Company, the court is of the opinion that for purposes of the motion to dismiss the allegations of the complaint are sufficient, because if such a contractual relationship did exist no notice was necessary.

■ The inclusion of implied as well as express contracts in the Miller Act is consistent with the Congressional intent to protect those whose materials go into public projects, and is consistent with established principles of law for implied contracts have long since acquired a permanent status. An implied contract has been defined as "such as arise(s) by legal inference and upon principles of reason and justice from certain facts, or where there is circumstantial evidence showing that the parties intended to make a contract." McDonald v. Thompson, 184 U.S. 71, 74, 22 S.Ct. 297, 298, 46 L.Ed. 437.

6

■ It might be observed here that the existence of an implied contract under this statute is, in the opinion of the court, dependent upon facts from which an actual contract may be implied. As stated in United States ex rel. Hargis v. Maryland Casualty Co. et al., D.C.S.D.Cal., 64 F. Supp. 522, 527: "Much speculation has been indulged in by law writers and courts on the distinction between implied contracts in law and implied contracts in fact. Many have insisted that contracts implied in law are, in reality, constructive or quasi contracts. But all the authorities seem to agree that when the words 'implied contract' occur in a statute, the reference is to an actual contract inferrerd from the circumstances, conduct, acts or relations of the parties, showing a tacit understanding. (Citing cases.)" See, also: Baltimore & Ohio Railroad Company v. United States, 261 U.S. 592, 597, 43 S.Ct. 425, 67 L.Ed. 816.

■ As stated above, the court feels that the complaint sufficiently alleges that a contractual relationship express or implied existed between the plaintiff and the defendant Construction Company, and since it does not appear to a certainty that the plaintiff will not be able to establish the existence of such a contractual relationship, the motion to dismiss must be overruled.

■ The court's rather lengthy discussion on this motion was made in order that the parties might be advised of the court's understanding of the law on the questions involved, for it is always proper to allow a party to amend his complaint when it appears that he may have a valid cause of action but has failed to properly state it. And, if the plaintiff desires to amend its complaint, in accordance with the above, to more specifically state the contractual relationship between it and the defendant Construction Company, it may do so within ten days from this date, although as stated above, in so far as this court is concerned it is not necessary.

An order in accordance with the above, overruling the motion to dismiss, should be entered.