UNITED STATES of America for the Use and Benefit of Mardrid DAVISON, Charlotte Schaeffer, and Ellen Myers, co-partners, d/b/a John Iverson Company, Plaintiff,

v.

YORK ELECTRIC CONSTRUCTION CO., Inc., Mountain States Construction Company, and the American Surety Company of New York, Defendants.

Civ. No. 249.

United States District Court
D. North Dakota,
Northwestern Division.

June 15, 1960.

McGee, Van Sickle & Hankla, Minot, N. D., for plaintiff.

Palda, Palda, Peterson & Anderson, Minot, N. D., for defendants, Mountain States Construction Co., and American Surety Co.

Ilvedson, Pringle, Herigstad & Meschke, Minot, N. D., for defendant York Electrical Const. Co., Inc.

REGISTER, Chief Judge.

This action was submitted for determination upon written statements of facts filed by the plaintiff and each of the answering defendants, Mountain States Construction Company and the American Surety Company of New York, together with the briefs of those parties. The defendant York Electric Construction Company, Inc., is in default.

This action is brought pursuant to the provisions of Section 270b, 40 U.S.C.A.,

hereinafter referred to as the Miller Act, for balance on account of goods, wares and merchandise furnished and labor performed by the use plaintiff on the Minot, North Dakota, Air Force Base. The defendant Mountain States was a general contractor for electrical work under construction contract No. DA–25–066–Eng.–4942; defendant York Electric was a subcontractor to Mountain States; and defendant American Surety was surety on a standard government form of payment bond to the United States of America. The use plaintiff, a wholesale electrical supply dealer at Minot, North Dakota, furnished such property items and performed such labor, at the specific instance and request of the subcontractor, on open account. There is admittedly an unpaid balance therefore of $1,559.14, for which judgment is herein sought.

There is no written contract between the use plaintiff and either the prime contractor or subcontractor. The last of the materials furnished and labor performed by use plaintiff was on February 23, 1959; written notice thereof was sent by registered mail, as required by Section 270b of the Miller Act, to the prime contractor on June 15, 1959. Admittedly no written notice was served or mailed within the ninety-day period, as required by the Miller Act.

On June 7, 1958, the contractor (Mountain States) wrote a letter (Plaintiff's Exhibit A) to the subcontractor, stating therein the procedure to be followed as between them. Under this procedure, copies of all purchase orders issued by York Electric were to be mailed to Mountain States; invoices approved by York Electric were to be sent to Mountain States; checks were to be made out to the vendor and to York Electric for dual signature; and Mountain States was to receive a copy of labor expenditures for the month and such expenditures were to be paid to York Electric upon receipt of partial payment estimates. A payment by Mountain States to payees York Electric and use plaintiff was made on March 26, 1959. The last billing for material to York Electric by use plaintiff was sent on February 23, 1959.

The answering defendants contend that they are entitled to a judgment of dismissal herein for the reason that use plaintiff failed to give written notice to the prime contractor within the ninety-day period prescribed by the Miller Act and that compliance with such statutory requirement is a condition precedent to use plaintiff's right to recover against the answering defendants.

The use plaintiff contends that: (1) it had a direct contractual relationship with the defendant Mountain States, and hence the provisions of the Miller Act with reference to the written notice are not applicable, and (2) that, as Mountain States at all times had full knowledge of the account, no notice was necessary, but if such notice were necessary the requirement has been fulfilled and complied with by the sending of invoices pursuant to the procedure established between the contractor and York Electric; that such invoices constituted sufficient and adequate notice; and that by having made a payment within the ninety-day period Mountain States admitted notice and knowledge of the facts, including amount of the account due.

 As to use plaintiff's first contention, great reliance is placed upon the fact that under the procedure established between the prime contractor and York Electric, the former received all invoices and payments were to be made by it to the vendor and to York Electric for dual signatures. In the Court's opinion use plaintiff did not have a contractual relationship, express or implied with Mountain States.

It is interesting to note the relative similarity of this action and United States for Use of Bruce Co., Inc. v. Fraser Construction Co., Inc. et al., D.C., 87 F.Supp. 1, as to facts, issues and contentions of the parties. In the Bruce case, supra, the court discusses "implied contracts" at pages 5 and 6.

"When the words 'implied contract' occur in a statute, the reference is to an actual contract inferred from the circumstances, conduct, acts or relations of the parties, showing a tacit understanding." United States for Use of Bruce Co. v. Fraser Construction Co., supra.

A very thorough and interesting discussion concerning implied contracts appears in United States ex rel. Hargis v. Maryland Casualty Co. et al., D.C., 64 F.Supp. 522.

■ With reference to this contention, use plaintiff in his brief makes the assertion that under the agreement entered into between Mountain States and York Electric it (use plaintiff) became a third-party beneficiary. No argument is made in support of such assertion, nor is any authority cited. Section 9–0204, NDRC 1943, provides that "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it". In this Court's opinion the agreement here involved is not such as is referred to in the quoted North Dakota statute.

■ In dealing with use plaintiff's second contention, it should be noted that the Courts have uniformly held that the Miller Act is remedial in nature and is entitled to a liberal construction in order to effectuate the legislative intent. One very apparent purpose and intent was to protect those whose labor and materials go into public projects. An equally apparent purpose and intent of Congress was to fix a time limit after which the prime contractor could make payment to its subcontractors with certainty that he would not thereafter be faced with claims of those who had performed labor for and supplied materials to those subcontractors.

However, the statute itself makes the requirement of written notice from the supplier a condition precedent to a right of action on the bond; Congress specifically inserted this provision as a prerequisite to the cause of action.

"The requirement in the Miller Act for written notice to general contractor on a public work or building of any unpaid claim for materials or labor furnished to a subcontractor, as the foundation for a suit upon general contractor's bond, was 'mandatory' and a strict 'condition precedent' to existence of any right of action upon contractor's bond." United States for Use and Benefit of American Radiator & Standard Sanitary Corp. v. Northwestern Engineering Co. et al., 8 Cir., 122 F.2d 600, 601, Headnote 2.

In the American Radiator case, supra, the court analyzed the decision in United States for Use and Benefit of Hallenbeck v. Fleisher Engineering & Construction Co., 2 Cir., 107 F.2d 925, referred to by counsel in their briefs on file herein, and also discussed the ineffectiveness of the furnishing of invoices as a substitute for the notice required by the Miller Act. On this point the court held, in the American Radiator case, supra, 122 F.2d at page 603:

"* * * But the invoices were not presented to the contractor as the basis for a claim on the bond * * *. They could accordingly not be treated as a substitute for the written notice of claim which the statute imposed as a condition precedent to any right of action upon the bond."

The court also stated, at page 602:

"We are unable, from this language, to arrive at any other conclusion than that the giving of a written notice must be held to be mandatory, as a strict condition precedent to the existence of any right of action upon the payment bond. Since the right is purely a statutory grant, Congress necessarily could impose such creating conditions as it saw fit. While the statute uses the general term 'notice', its other language clearly shows that it is intended to be, in legal effect, the presentation of a claim. That presentation is requir-

ed to be made in written form, 'stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed.' "

Also see: United States for Use and Benefit of John A. Denie's Sons Co. v. Bass, 6 Cir., 111 F.2d 965.

As to the requirements of the Miller Act, with reference to the notice provisions, and its sufficiency, also see: Bowden et al. v. United States for use of Malloy, 9 Cir., 239 F.2d 572. The court in this case, in discussing the Miller Act generally, at page 578, held that the Act " * * * makes no distinction between the liability of the contractor and that of his surety. Recovery can be had against neither unless the condition precedent to the existence of the right of action—the giving of the statutory notice—has been complied with".

■ In use plaintiff's brief, reference is made generally and without substantial argument, to "waiver" and "estoppel", as to the defenses of the answering defendants.

Again, reference is made to the exhaustive opinion of the court in the Fraser case, supra. At page 5 therein, 87 F.Supp., the court states:

"It appears, therefore, that while the court should go as far as possible in granting relief to those furnishing materials to a government project, it can not go beyond the plain mandate of the statute. And, in those cases where it is required, the necessity of giving notice can not be waived by the defendant, for a cause of action under the statute does not come into being until such notice has been given. For like reasons, one who has failed to give the required notice can not urge estoppel on the part of the contractor, for regardless of acts or representations of the contractor, a cause of action under the Miller Act does not arise until the required notice has been given, and obviously a contractor could not be estopped to assert a defense because no defense is necessary until a valid cause of action has arisen. Also, in the opinion of the court, it makes no difference that the contractor may have actual knowledge, even if obtained from the claimant, if the notice required by the statute was not given."

### Order

Now therefore, for the reasons hereinbefore stated, it is hereby

Ordered that the above entitled action and complaint be, and the same hereby are, in all things, dismissed, as to the answering defendants.

Judgment of dismissal shall be without costs to either party. Judgment in accordance with the foregoing shall be prepared by counsel for the answering defendants.