G. Robert Witmer, J.
This is an action by a supplier against a bonding company, wherein each party has moved for summary judgment. It appears that on or about October 1, 1959 plaintiff, a New Jersey manufacturer of heating units, sold and delivered *535 a boiler unit to Bareham Plumbing and Heating Corporation (hereinafter referred to as “ Bareham ”) for the sum of $985.70 plus freight charges of $37.80, totaling $1,023.50, said unit to be installed in the Penfield Presbyterian Church (hereinafter referred to as the “ Church ”), for which Walzer & Miller were the architects. In connection with reconstruction work in and on the church, defendant issued a labor and material payment bond to secure the labor and material suppliers for such work, but plaintiff did not learn of said bond for many months after it delivered the boiler unit to Bareham.
The bond contained a provision for notice of claim under it, as follows:
“3. No suit or action shall be commenced hereunder by any claimant,
“ (a.) Unless claimant shall have given written notice to any two of the following: The Principal, The Owner, or The Surety above named, within ninety (90) days after such claimant furnished the last of the materials for which said claim is made, stating with substantial accuracy the amount claimed, and the name of the party to whom the materials were furnished * * * Such notice shall be served by registered mail, postage prepaid, in an envelope addressed to the Principal, Owner, or Surety at any place where an office is regularly maintained for the transaction of business ’ ’.
On its motion for summary judgment plaintiff claims compliance with the above-quoted provision. On its cross motion for summary judgment dismissing the complaint defendant contends that plaintiff failed to comply therewith, and that compliance was a condition precedent to maintaining this action.
In its affidavits in support of its motion for summary judgment plaintiff claims that before delivering the boiler unit to Bareham, the principal, plaintiff orally notified Miller as agent for the Church, the owner, that it was furnishing the unit to Bareham; that a month after furnishing said unit to Bareham, to wit, on October 31, 1959, Bareham sent to Miller an invoice for the Church, which included an item listed as “ boiler ”, and asked Miller to approve the work to date and authorize a payment to Bareham on account of its contract with the Church; that Miller promptly inspected the work, including the boiler installation, and authorized the payment; that inspection of the boiler would show that it was made by the plaintiff; that in mid-December 1959, plaintiff’s representative talked with Miller and told him that plaintiff had not been paid for its boiler unit, and Miller advised him that Bareham had received most of the money to be paid on its contract with the Church.
*536 In opposition to plaintiff’s motion and in support of its cross motion defendant submits Miller’s affidavit in which he denies knowing, prior to April, 1960, who furnished the boiler unit to Bareham, and denies receiving prior to such time any notification, oral or written, from plaintiff concerning its claim against Bareham; and further asserts that prior to that time neither he nor his firm had any knowledge as to whether or not Bareham had paid for the boiler unit shown on the invoice of October 31, 1959, and that actually it was not until May 5, 1960 that Miller received a copy of plaintiff’s bill showing that it had not been paid.
The bond upon which plaintiff sues expressly provides, as quoted above, that no action may be maintained thereunder unless within 90 days after last furnishing materials the claimant shall have given written notice of claim by registered mail to any two of three named persons, to wit, the principal, the owner and the surety. Plaintiff admits that no notice was given to the surety, the defendant herein, but claims to have complied substantially with the above provisions for notice to the principal and the owner.
It does not seem to be questioned that sufficient notice was given to the principal, Bareham — which thereafter went into bankruptcy. Plaintiff’s claim of notice to the owner, the Church, rests upon the invoice sent by Bareham to Miller, the Church architect, on October 31, 1959 for approval of the work to date and for a payment on account of the contract, and upon alleged oral conversations by plaintiff’s representatives with Miller. An examination of the invoice shows that it did not reveal who supplied the boiler or how much if anything was unpaid to the supplier thereof, and it certainly did not constitute a notice of claim by or on behalf of plaintiff to satisfy the notice provision of this contract. (See United States v. Northwestern Eng. Co., 122 F. 2d 600, 603.) The alleged oral notifications to Miller of the claim are disputed by defendant. Hence a question of fact is raised with respect thereto, and summary judgment could not be granted to plaintiff thereon, even if oral notice could be held to be sufficient.
Plaintiff’s motion for summary judgment is, therefore, denied.
With respect to defendant’s motion for summary judgment we start with the premise that the bond will be construed liberally in favor of the parties for whose protection it was purchased. (Maryland Cas. Co. v. Fowler, 31 F. 2d 881, 884.) It appears that most cases dealing with this subject have arisen under a statute containing provision for notice very similar to the one in the contract at bar. Although arguments may be *537 made that a different construction should be accorded a contract than is made of a statute, I feel that the cases construing the statute are apposite. Certainly the plaintiff cannot fairly claim that this contract should be more liberally construed than a statute containing the same restrictive provision. (See Kean v. National Sur. Co., 241 N. Y. 252.)
It has been held that the provisions for registered mail will not bar a claim, if written notice was given by unregistered mail (Fleischer Co. v. United States, 311 U. S. 15). A verified invoice is sufficient (American Sur. Co. of N. Y. v. Gilmore Oil Co., 83 F. 2d 249), as is momentary possession of written notice, which is promptly returned to claimant (Coffee v. United States, 157 F. 2d 968). And it has been held that the written notice need not be signed by the supplier; “ it is sufficient that there exists a writing from which, in connection with oral testimony, it plainly appears that the nature and state of the indebtedness was brought home to the general contractor ” (owner, in this case) [Houston Fire & Cas. Ins. Co. v. United States, 217 F. 2d 727, 730]. But a writing containing some evidence of the claim there must be. (Coffee v. United States, supra; United States v. Northwestern Eng. Co., 122 F. 2d 600, supra; United States v. Bass, 111 F. 2d 965; United States v. York Elec. Constr. Co., 184 F. Supp. 520; United States v. Fraser Constr. Co., 87 F. Supp. 1.)
In Coffee v. United States (supra) the court said at page 969, “ All the cases agree that without giving the notice there is no right of action on the bond for the use of furnishers who have no direct contractual relation to the contractor. In no case has writing been held unnecessary. But there has been liberality as to the manner of communicating the written notice to the contractor.”
The alleged oral notification and the alleged actual knowledge by Miller of plaintiff’s claim is no substitute for some writing. (United States v. York Elec. Constr. Co., supra; United States v. Fraser Constr. Co., supra.)
In the light of the foregoing authorities we again consider plaintiff’s claims of notice. Had the invoice which Bareham sent to Miller on October 31,1959 shown an unpaid claim by plaintiff against Bareham for the boiler, it is possible that under the Houston Fire & Cas. Co. case (supra), plaintiff would be entitled to a trial to present its oral testimony to support its claim of notice. But that invoice contained no such information. It was not intended as a claim by or for a supplier, but was sent only so that Bareham could receive his payment on account from the owner. As was said in United States v. Northwestern Eng. Co., *538 (122 F. 2d 600, supra, p. 603), “ But the invoices were not presented to the contractor [owner, here] as the basis for a claim on the bond.” The invoice in the case at bar alerted Miller in no wise concerning a claim by plaintiff.
This court is very much in accord with the view expressed by Leabned Hand, J., in California Apparel Creators v. Wieder of California (162 F. 2d 893, 903), that summary judgment is a remedy which should be granted only after careful study and determination that no issue of fact exists. It is clear from the above analysis that plaintiff failed to give the minimum written notice of claim required under the bonding contract as liberally construed by the court. No issue of fact exists with respect to this vital aspect of notice; and hence it is held that defendant is entitled to summary judgment dismissing the complaint.