# NOLAND COMPANY v. ARMCO, INC. ET AL.

[No. 1436, September Term, 1981.]

*Decided June 3, 1982.*

The cause was argued before LOWE and WILNER, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit, specially assigned.

*Steven P. Henne,* with whom were *Heise, Jorgensen, Stefanelli & Boswell, P.A.* on the brief, for appellant.

*Laurie R. Bortz,* with whom were *Howard G. Goldberg* and *Smith, Somerville & Case* on the brief, for appellees.

WILNER, J., delivered the opinion of the Court.

During the period from June 8, 1979, to January 16, 1980, appellant furnished various plumbing supplies to a company called S. G. Incorporated (S.G.I.) S.G.I. was a subcontractor engaged by Armco, Inc. (Armco), a general contractor, to do work on a construction project for the Washington Suburban Sanitary Commission (WSSC).

WSSC is a State agency (*see Katz v. Washington Suburban Sanitary Commission,* 284 Md. 503 (1979); *Prince George's County v. Blumberg,* 288 Md. 275 (1980), *cert. den.* 449 U.S. 1082 (1981)) and thus the project was subject to the provisions and requirements of the State's "Little Miller Act" — Md. Code art. 21, § 3-501 (formerly Real Prop. art., § 9-113). In accordance with that statute, Armco furnished a payment and performance bond written by Seaboard Surety Company (Seaboard).

On December 17, 1980, appellant sued S.G.I., Armco, and Seaboard in the Circuit Court for Prince George's County, claiming, in essence, that it had not been paid for the supplies furnished to S.G.I., and that it was owed $43,231. The Declaration contained eight counts. The first six were the various "common counts." Count VII, claiming only against Armco and Seaboard, alleged, in relevant part:

> "That said materials, supplies and equipment were supplied pursuant to guarantee of Armco, Inc. to pay for said materials, [appellant] being a third-party beneficiary of an agreement between [S.G.I.] and [Armco], a copy of which is attached hereto and incorporated herein and identified as Exhibit B, providing that [Armco] would pay for said materials."

Count VIII claimed against Armco alone, also on the basis that appellant was a third-party beneficiary of the "agreement" between S.G.I. and Armco, attached as Exhibit B.

The "agreement" to which Counts VII and VIII referred was a letter dated August 6, 1979 from Armco's project manager to S.G.I., stating:

"Gentlemen:

We agree to pay for materials to be incorporated into either of these projects. Shipping papers and invoices should show consignment to the specific project. Invoices should be sent to you for your approval. You can then give them to us for payment. Invoices *must* be descriptive enough for us to understand what we are paying for. Also there MUST be a LEGIBLE signature.

All discounts will be credited to our accounts." (Emphasis in the original.)

Armco and Seaboard demurred to Counts VII and VIII on the basis that (1) neither count alleged sufficient facts to show a contractual relationship between appellant and those defendants or that appellant was a third-party beneficiary of any obligation from those defendants to S.G.I.; and (2) Count VII amounted to a claim by a subcontractor under the "Little Miller Act," but failed to allege the statutorily required notice to Armco and Seaboard. Following appellant's concession that no such notice could be alleged because no such notice was in fact given, the court sustained the demurrer to Counts VII and VIII without leave to amend. Appellant previously had dismissed the first six counts, and thus the court's order respecting Counts VII and VIII terminated the entire action. This appeal is from that order, appellant aruging that:

"Because the allegations of the declaration were sufficient to allege appellant's third-party beneficiary status and a direct contractual relationship with the general contractor, thereby eliminating the need for an allegation of notice of claim to said general contractor under the 'Little Miller Act', the lower court erred in sustaining the demurrer."

We find no error, and thus shall affirm.

As suggested by appellant's statement of the issue, and as made clear by the procedural context of the case, the question before us is the sufficiency of appellant's averments in Counts VII and VIII. A demurrer to a declaration admits the truth of all material *facts* which have been well pleaded, together with the inferences reasonably deducible therefrom. *Schwartz v. Merchants Mortgage Company,* 272 Md. 305 (1974). It does not admit, however, conclusions of *law* or "a mixed conclusion of law and facts." *Culotta v. Raimondi,* 251 Md. 384, (1968); *Martin G. Imbach, Inc. v. Deegan,* 208 Md. 115, 122 (1955).

With respect to Count VII — the action under the "Little Miller Act" — Md. Code art. 21, § 3-501 (c) requires that, if the claimant has a "direct contractual relationship with a subcontractor of the contractor ... but no contractual relationship express or implied with the contractor furnishing [the bond]," as a condition to recovery on the bond, he must give notice of his claim to the contractor within ninety days from the date he last supplied the labor or material for which the claim is made. As noted, appellant has conceded that no such notice was given. Its theory is that (1) Armco's August, 1979, letter constituted a direct guarantee of payment, (2) appellant was a third-party beneficiary of that commitment, (3) by virtue of that status, it had a "contractual relationship express or implied with the contractor," and (4) the notice requirement therefore did not apply to it.

Appellant's right of recovery under this theory, which underlies both Count VII and Count VIII, hinges entirely upon the August, 1979, letter, for that letter alone forms the alleged basis of its "contractual relationship" with Armco. That letter does not, however, constitute or evidence any such relationship.

It is initially obvious, of course, that appellant is not a party to the letter, is not even mentioned in the letter, and did not contemporaneously receive a copy of it. The letter gives no indication that Armco was even aware of appellant's existence. The letter refers to two projects in which

S.G.I. was involved, and, read in context, it merely establishes a procedure for submitting invoices for materials used on those projects in order that Armco might substantiate S.G.I.'s periodic claims and keep its own records straight.

Neither the letter nor the arrangement which it evidenced suffices to create an express or implied contractual relationship between appellant and Armco so as to permit a direct action against Armco on a "third party beneficiary" basis or to excuse the statutory requirement of notice as a prerequisite to a claim under the "Little Miller Act." *See United States ex rel. Davison v. York Electric Construction Co., Inc.,* 184 F.Supp. 520 (D.N.D. 1960), a case involving the analogous Federal Miller Act that, despite appellant's protestations, we find very close on point; *also United States ex rel. Fordham v. P. W. Parker, Inc.,* 504 F.Supp. 1066 (D.Md. 1980); *United States ex rel. Henry Walke Co. v. Van de Riet,* 316 F.2d 912 (4th Cir. 1963); *United States ex rel. State Electric Supply Co., Inc. v. Hesselden Construction Co.,* 404 F.2d 774 (10th Cir. 1968); *cf. Bowden v. United States ex rel. Malloy,* 239 F.2d 572 (9th Cir. 1956), *cert. den.* 353 U.S. 957 (1957); *and compare United States ex rel. Hargis v. Maryland Casualty Co.,* 64 F.Supp. 522 (S.D.Cal. 1946).

These cases establish that even an agreement on the part of the general contractor to issue checks to the subcontractor and its suppliers *jointly* does not suffice to create a direct (or third-party beneficiary) contractual relationship between the supplier and the general contractor. If a "joint check" arrangement does not create the required contractual relationship, it is clear that Armco's letter to S.G.I. cannot have that effect.[1]

> *Judgment affirmed; appellant to pay the costs.*

---

**1.** We note additionally that Armco's commitment expressed in the first sentence, "to pay for materials to be incorporated into, either of these projects," is a conditional one. Payment is not required, according to the letter, unless the invoices were legible, sufficiently descriptive, approved for payment by S.G.I., and showed consignment of the materials to the specific job. Nowhere in Counts VII or VIII has appellant alleged that those conditions were satisfied.