OPINION OF THE COURT
Joseph Gerace, J.
This is an action by plaintiff, Chautauqua County Division of Solid Waste, to recover on a payment bond issued by defendant, Lumbermens Mutual Casualty Company, guaranteeing payment by Haseley Construction Co., Inc., for labor and materials furnished in connection with a public improvement project. Haseley had a contract with the State of New York to *524 remove hazardous waste from a landfill. Lumbermens and the County have both moved for summary judgment.
Although Lumbermens argued in its initial papers that the County had dealt with a different entity, “Haseley Companies,” rather than Haseley Construction Co., Inc., it presented no proof that such an entity existed. The County, in contrast, submitted proof by document and affidavit that it had entered into a contract with Haseley Construction Co., Inc., to accept the hazardous waste removed from the state landfill for disposal in the County’s waste treatment facility. Clearly, the County dealt directly with Haseley Construction Co., Inc., not some other entity.
Resolution of the County’s entitlement to payment under the bond depends, therefore, upon whether or not the services it provided fall under the meaning of “labor” and “materials” as those terms are used in the bond and in State Finance Law § 137, which governs payment bonds for public improvement projects. The bond itself contains the following language:
“the condition of this obligation is such that if Principal [Haseley Construction Company] shall promptly make payments to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the Contract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:
“1. A claimant is defined as one having a direct contract with the Principal or with a Subcontractor of the Principal for labor, material, or both, used or reasonably required for use in the performance of the Contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the contract.”
The County claims that it provided the following labor that was reasonably required for use in the performance of the contract: weighing waste; dumping waste; inspection of waste; compacting waste; containing leachate (water that percolates through the waste and, without containment, would contaminate the surrounding area); measuring and analyzing fluids from the landfill’s liner system; providing monitoring; taking water samples; collecting and controlling landfill gas generated by the materials dumped; and burying waste.
Haseley’s contract with the State was for the removal of contaminated soil. It must have been contemplated that this would *525 involve suitably disposing of the contaminated material at a waste facility properly constructed and operated to handle such waste. All aspects of this process are heavily regulated. The labor listed above certainly was reasonably required for use in performance of Haseley’s contract with the State. Without the efforts of the County, or another facility similarly equipped and holding the appropriate permits, the contract could not have been completed.
Lumbermens argues, however, that these activities by the County were not “labor” as contemplated by the bond, or by the State Finance Law. Because this was a public project, the bond is considered to include the language of the statute. Neither the bond nor the statute, however, give any definition of “labor” beyond the ordinary understanding of the word. Section 137 (5) (b) does provide some examples of what is included as “sums payable to or on behalf of persons furnishing labor to the contractor,” but those examples in no way rule out the payments to which the County is due for its contribution to the project.
Unfortunately, there is no direct guidance on this question in case law. The one case cited that deals with the handling of hazardous waste, United States Pollution Control, Inc. v National Am. Ins. Co. (663 So 2d 119 [La App, 3d Cir 1995]), held that such labor did qualify for payment under a bond, but that claimant had also hauled the waste away from the work site and, obviously, a different statutory structure was involved.
Payment bonds are to be construed liberally in favor of the parties for whose protection they were issued. (Hydrotherm, Inc. v Insurance Co. of N. Am., 31 Misc 2d 534 [Sup Ct, Monroe County 1961].) Based upon the plain language of the bond, the labor provided by the County certainly was “reasonably required for use in the performance of the Contract.” Therefore, summary judgment should be granted to the County and Lumbermens’ motion must be denied.
It is, therefore, ordered that the cross motion by the plaintiff for summary judgment is granted; and it is further ordered that the motion by the defendant for summary judgment is denied.